Filed 5/14/14  Kajeh v. Select Portfolio Servicing CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RAY KAJEH,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC. et al.,<br><br>    Defendants and Respondents. | D064426<br><br><br><br>(Super. Ct. No. 37-2012-58421-CU-OR-NC) |

APPEAL from a judgment of the Superior Court of San Diego County, Earl H. Maas III, Judge.  Affirmed.

Law Offices of Herbert Papenfuss and Herbert Papenfuss for Plaintiff and Appellant.

Locke Lorde, Conrad V. Sison and Daniel A. Solitro for Defendants and Respondents.

Plaintiff Ray Kajeh appeals from a judgment entered against him after the trial court sustained, without leave to amend, the demurrer to his complaint brought by

defendants Select Portfolio Servicing, Inc. (SPS) and Wells Fargo Bank, N.A., as trustee, on behalf of the holders of the Harborview Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-12. In his complaint, Kajeh asserted a single cause of action for "Foreclosure Prevention" based on alleged oral negotiations for a loan modification. On appeal, Kajeh contends the court erred in sustaining the demurrer because the complaint sufficiently states a cause of action based on promissory estoppel. We affirm the judgment because the complaint fails to state a cause of action against defendants.

FACTUAL AND PROCEDURAL BACKGROUND

In accordance with the principles governing our review of a ruling sustaining a demurrer, the following factual recitation is taken from the allegations of the complaint filed by Kajeh and from documents cognizable by judicial notice. (Code Civ. Proc., § 430.30, subd. (a); *Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.)

A. *Allegations of Complaint*

In November 2006, Kajeh obtained a loan from lender Countrywide Bank, N.A. in the amount of $1.655 million. The loan was evidenced by a promissory note secured by a deed of trust against Kajeh's property located at 16427 Irish Eyes Lane, San Diego, California. The deed of trust was subsequently assigned to defendants. In May 2010 Kajeh entered into a loan modification agreement which required Kajeh to make monthly interest-only mortgage payments until June 2015. The loan modification agreement was recorded in the San Diego County Recorder's Office. From June 2010 until June 2013,

2

Kajeh's monthly interest payment was $4,700. The loan modification agreement required Kajeh to "make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments" relating to the property.

Kajeh made all payments under the original loan and under the modified loan until April 2011. In April 2011 defendants notified Kajeh that the modified loan payments in the amount of $4,700 did not include property taxes and Kajeh was in default on the loan. As a result, Kajeh was required to begin making monthly payments in the amount of $13,000. Kajeh informed defendants he was unable to make the monthly payments, and defendants suggested that the unpaid property taxes be amortized over five years and Kajeh's payments be adjusted to $8,050 per month. Kajeh paid $8,050 monthly for approximately five months until he could no longer afford to do so.

Beginning in August 2011, Kajeh applied for and negotiated another loan modification. Negotiations for a loan modification agreement continued until July 2012, at which point defendants informed Kajeh he would not receive any further loan modification.

Despite defendants' rejection of Kajeh's loan modification application, Kajeh had "continual discussions with representatives of Defendants," exploring "possible modifications including principal reduction through various federal programs." Defendants told Kajeh he might "qualify for relief under the various programs now available to homeowners." Defendants refused Kajeh's attempts to tender payments, stating that "payments could not be accepted while negotiations for a loan modification were ongoing."

On November 1, 2012, defendants filed a notice of default and election to sell under deed of trust stating Kajeh was in default in the amount of $107,075.45 on his loan as of October 31, 2012.

On November 7, 2012, Kajeh filed a complaint against defendants, alleging a single cause of action for "Foreclosure Prevention."  Kajeh alleged he did not pursue opportunities to refinance his property or obtain loans from other third parties because of the oral representations made by defendants.  He alleged defendants were estopped from denying Kajeh "a loan modification under the terms orally agreed to."  Kajeh further alleged defendants were estopped from sending out a notice of default or "doing any other acts to initiate foreclosure proceedings on the property until such time as the parties have successfully completed the modification of [Kajeh's] loan on the terms and conditions orally agreed to and promised by [d]efendants."

B. *Demurrer*

On April 16, 2013, defendants demurred to Kajeh's complaint on the grounds that it did not state facts sufficient to constitute any cause of action against defendants, it was not pled with the heightened level of particularity required, and it failed to plead the requisite elements for promissory estoppel.  The demurrer was supported by a request for judicial notice of a series of publicly recorded documents relating to the property including the deed of trust, corporate assignment of deed of trust, loan modification agreement and notice of default.  On April 26, 2013, Kajeh filed an opposition to defendants' demurrer.

4

C.  *Court's Ruling*

Kajeh's counsel did not appear at the hearing on defendants' demurrer.  The court sustained defendants' demurrer without leave to amend, finding that Kajeh's complaint failed to assert any viable cause of action against defendants.  In support of its ruling, the court found Kajeh made no showing in his opposition that he could amend his complaint to state a viable cause of action and failed to appear at the hearing on the demurrer to explain how he could amend his complaint to state a viable cause of action.  On June 14, 2013, the court entered judgment in defendants' favor.

DISCUSSION

Kajeh contends the trial court erred in sustaining the demurrer to the complaint without leave to amend because the complaint sufficiently asserted all factual elements necessary to allege defendants' threatened foreclosure was precluded by promissory estoppel.  Specifically, Kajeh contends the trial court made factual determinations adverse to him in sustaining the demurrer and should have provided him a factual hearing on his claim.  We reject this contention.

A.  *Standard of Review*

"We review an order sustaining a demurrer without leave to amend de novo [citation], assuming the truth of all properly pleaded [and inferred facts], and give the complaint a reasonable interpretation by reading it as a whole and its parts in context." (*Chavez v. Indymac Mortgage Services* (2013) 219 Cal.App.4th 1052, 1056.)  However, no credit is given to "allegations that merely set forth contentions or legal conclusions." (*Ibid.*)  A complaint is construed "liberally . . . , with a view to substantial justice between

5

the parties."  (Code Civ. Proc., § 452.)  When a general demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm."  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

B.  *Promissory Estoppel*

Kajeh's cause of action to prevent the foreclosure is based on purported oral negotiations and agreements with defendants.  However, the allegations Kajeh made in an attempt to invoke the doctrine of promissory estoppel were fatally flawed.  Accordingly, the court properly sustained defendants' demurrer.

1.  *Applicable Legal Principles*

Under the doctrine of promissory estoppel, " '[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. . . .'  [Citations.]  Promissory estoppel is 'a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced.' " (*Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority* (2000) 23 Cal.4th 305, 310.)

The elements of a promissory estoppel claim are:  "(1) a clear promise, (2) [reasonable and foreseeable] reliance, (3) substantial detriment, and (4) damages 'measured by the extent of the obligation assumed and not performed.'"  (*Toscano v.*

6

*Greene Music* (2004) 124 Cal.App.4th 685, 692; *Aceves v. U.S. Bank, N.A.* (2011) 192 Cal.App.4th 218, 225 (*Aceves*).) The party claiming estoppel must specifically plead all facts relied on to establish its elements. (See *Smith v. City and County of San Francisco* (1990) 225 Cal.App.3d 38, 48.) " '[A] promise is an indispensable element of the doctrine of promissory estoppel. The cases are uniform in holding that this doctrine cannot be invoked and must be held inapplicable in the absence of a showing that a promise had been made upon which the complaining party relied to his prejudice.' [Citation.] The promise must, in addition, be 'clear and unambiguous in its terms.' [Citation.] 'Estoppel cannot be established from . . . preliminary discussions and negotiations.' " (*Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th 1031, 1044.)

2. *Analysis*

Kajeh relies on *Aceves*, which concluded the plaintiff had sufficiently stated a claim for promissory estoppel. (*Aceves*, *supra*, 192 Cal.App.4th at p. 225.) In *Aceves*, the bank promised to work with the plaintiff on a loan reinstatement and modification if she would forgo further bankruptcy proceedings. (*Id*. at p. 223.) In reliance on that promise, the plaintiff did not convert her bankruptcy case, filed under chapter 7 of the Bankruptcy Code (11 U.S.C. §§ 701-784) to a chapter 13 (11 U.S.C. §§ 1301-1330) proceeding or oppose the bank's motion to lift the bankruptcy stay. (*Ibid*.) However, the bank foreclosed on the property after the bankruptcy court lifted the stay. (*Id*. at pp. 223-224.) On appeal, the court reversed the order sustaining the bank's demurrer to the promissory estoppel claim. (*Id*. at pp. 225–231.) The court found a clear and

7

unambiguous promise by the bank to negotiate a loan modification, reasonable reliance by the plaintiff on that promise, and detriment. (*Id*. at pp. 226–228.)

The instant case is distinguishable from *Aceves* because Kajeh has not shown that defendants breached a promise to delay foreclosure or that Kajeh detrimentally relied on defendants' purported representations that he may "well qualify for relief under . . . various programs." Rather, the complaint allegations show that Kajeh applied and negotiated for a loan modification that defendants ultimately denied. Unlike the plaintiff in *Aceves*, Kajeh's belief that he might qualify for a loan modification or principal reduction under various programs does not establish the existence of any promises that were clear and unambiguous. Even if, according to Kajeh, defendants did engage in discussions with Kajeh about a loan modification, there was no promise that his loan would actually be modified, much less what the terms of that modification would be.

Further, Kajeh has not established he can allege reasonable detrimental reliance. He asserts he was injured by his reliance on defendants' alleged promise to suspend foreclosure proceedings while negotiations for a loan modification were ongoing. Kajeh claims he forwent other means of curing his loan default, including the opportunity to refinance his property or obtain loans from other third parties. Unlike in *Aceves*, such claims are pure speculation and factually unsubstantiated. The plaintiff in *Aceves* took actions to her detriment in reliance on lenders' promises by giving up her rights in bankruptcy in exchange for the bank's promise to negotiate a loan modification. Here, there are no allegations that Kajeh actually took any steps to initiate bankruptcy,

8

refinance, or obtain another loan. There are also no factual allegations that defendants requested plaintiff not to proceed with other actions in return for defendants' promise to suspend foreclosure proceedings. Accordingly, the trial court properly sustained defendants' demurrer because Kajeh failed to state a cause of action for promissory estoppel.

### C. *Judicial Notice*

In addition to Kajeh's failure to state a cause of action for promissory estoppel, his complaint was also deficient because his allegations are refuted by judicially noticeable public records.

### 1. *Applicable legal principles*

When ruling on a demurrer, "[a] court may take judicial notice of something that cannot reasonably be controverted, even if it negates an express allegation of the pleading." (*Poseidon Development, Inc. v. Woodland Lane Estates, LLC* (2007) 152 Cal.App.4th 1106, 1117.) Evidence Code section 452, subdivisions (c) and (h), respectively, permit a court, in its discretion, to take judicial notice of "[o]fficial acts . . . of any state of the United States" and "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." Accordingly, courts may take judicial notice of the existence and recordation of real property records, including deeds of trust, when the authenticity of the documents is not challenged. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264 (*Fontenot*).)

9

Where judicial notice is requested of a legally operative document—like a contract—the court may take notice not only of the fact of the document and its recording or publication, but also facts that clearly derive from its legal effect. (*Fontenot, supra,* 198 Cal.App.4th at p. 265.) Further, whether the fact derives from the legal effect of a document or from a statement within the document, the fact may be judicially noticed where the fact is not reasonably subject to dispute. (*Scott v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 743, 754.)

2. *Analysis*

On May 10, 2010, Kajeh entered into a loan modification agreement that was recorded with the county recorder's office. The loan modification agreement stated Kajeh was required to "make all payments, taxes, insurance premiums, assessments, escrow items, impounds, and all other payments" relating to his property.

In his complaint, Kajeh alleges he was not notified of his obligation to pay property taxes under the loan modification agreement. However, Kajeh's allegations are refuted by the express language in the loan modification agreement itself. For this additional reason, the trial court properly sustained defendants' demurrer to the complaint.[1]

---

[1] Kajeh does not challenge the denial of further leave to amend by the trial court. Therefore we need not decide this issue.

10

DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondents.

NARES,Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.

11